IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CRUSE STEWART, | ) | 4:12CV3070 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON INITIAL** |
| KEVIN OURSLAND, Attorney at Law, | ) | **REVIEW** |
| | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Cruse Stewart ("Stewart"), filed his Complaint in this matter on April 10, 2012, (filing no. 1.) and I gave Stewart leave to proceed in forma pauperis on May 5, 2012. (Filing No. 6.) An initial review of Stewart's complaint has been made to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. **SUMMARY OF COMPLAINT**

Stewart, who is currently incarcerated at the Nebraska State Penitentiary, (*Id.* at CM/ECF p. 9) filed his complaint against one defendant, Kevin Oursland ("Oursland"). (Filing No. 1.)

Condensed and summarized, Stewart alleges that he entered into an attorney-client relationship with Oursland. (*Id.* at CM/ECF p. 4.) Stewart and Oursland agreed that Stewart would pay Oursland a $5,000.00 retainer fee, and Oursland agreed to represent Stewart in his criminal case. (*Id.* at CM/ECF pp. 4-5.) Stewart states Oursland appeared with Stewart several times in court. (*Id.* at CM/ECF p. 5.) Oursland later contacted Stewart and informed him that he had moved out of the state and that Stewart would need to pay a different attorney to represent him. (*Id.* at CM/ECF pp. 5-6.) Stewart alleges Oursland failed to perform the services for which

he was paid (*id.* at CM/ECF p. 6.) and Stewart seeks monetary damages in the amount of $800,000.00 for violations of his civil rights. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

I am required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). I must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Stewart here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

I must determine whether subject-matter jurisdiction is proper in this matter. *See* Fed. R. Civ. Pro. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") The Federal Rules of Civil Procedure state that a pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no jurisdictional support." Fed. R. Civ. Pro. 8(a)(1). Here, Stewart has not produced a "statement of the grounds for the court's jurisdiction" and, as discussed below, I cannot determine whether jurisdiction is proper based on the information set forth in the complaint.

#### A. Federal-Question Jurisdiction

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under 28 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992) (holding attorneys who represented plaintiff in criminal proceedings, whether appointed or retained, did not act under color of state law and, thus, were not subject to suit under § 1983); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) (holding that private attorneys did not act under color of state law in prior litigation); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th

3

Cir. 2001) (holding that criminal defense attorneys do not act under color of state law for purposes of § 1983).

Here, Stewart does set forth any allegations that could be liberally construed as violating a constitutional right or any federal statute. To the extent Stewart attempts to assert a claim under § 1983, Stewart does not allege that Oursland is a state actor. Indeed, it is clear from Stewart's allegations that Oursland was Stewart's privately-retained criminal defense attorney, not a state actor. In addition, Stewart does not allege that Oursland somehow conspired with state actors to deprive him of his constitutional rights. Rather, the crux of Stewart's argument is that Oursland did not fulfill his contractual obligation to Stewart. (Filing No. 1 at CM/ECF p. 6.) Accordingly, Stewart's allegations do not establish that a federal-question jurisdiction exists in this matter.

B.  **Diversity of Citizenship Jurisdiction**

Subject matter jurisdiction may also be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive

truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Stewart provides Nebraska addresses for both Oursland and for himself. (Filing No. 1 at CM/ECF p. 2.) However, Stewart also alleges that Oursland may have moved to Arizona. (*Id.* at CM/ECF p. 4.) Based on these allegations, I cannot determine whether Stewart's citizenship differs from Oursland's. Furthermore, I am not persuaded that the $800,000.00 amount in controversy alleged in the Complaint is legitimate. The only statement Stewart makes concerning the amount in controversy is based on a statement saying he paid Oursland a $5,000.00 retainer fee. (*Id.* at CM/ECF p. 6.) Thus, in accordance with *Trimble*, I will require Stewart to show by a preponderance of the evidence that the amount claimed is legitimate, and that the court has subject matter jurisdiction. *See Trimble*, 232 F.3d at 959-960. This matter will not proceed until Stewart does so.

IT IS THEREFORE ORDERED that, on the court's own motion:

1.     Stewart shall have 30 days to amend his Complaint to set forth a short and plain statement of the grounds for the court's jurisdiction and to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount.

2.     I reserve the right to conduct a further review of Stewart's claims pursuant to 28 U.S.C. § 1915(e)(2) after Stewart addresses the matters set forth in this Memorandum and Order on Initial Review.

3.     The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: August 17, 2012: deadline for Stewart to amend.

5. Stewart must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

6. Stewart's Summary of Plaintiff Complaint, construed in part as a motion to appoint counsel, (Filing No. 7) is denied without prejudice to reassertion. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . .").

Dated July 18, 2012.

                        BY THE COURT

                        /s/ Warren K. Urbom

                        Warren K. Urbom
                        United States Senior District Judge